UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**CURTIS HARRIS,**

        **Plaintiff,**

vs.

**DR. RODNEY L. KILPATRICK,** *et al.***,**

        **Defendants.**

_____/

Case No. 5:05-cv-113

Hon. Gordon J. Quist

**REPORT AND RECOMMENDATION**

Plaintiff has filed a § 1983 civil rights action against defendants. Plaintiff suffered an aneurysm in June 2004. In his suit, plaintiff alleges that defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. This matter is now before the court on plaintiff's ex parte motion for a temporary restraining order and preliminary injunction (docket no. 17).

"A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Government*, 305 F.3d 566, 573 (6th Cir. 2002). In reviewing requests for injunctive relief, the court considers (1) whether the movant has shown a strong or substantial likelihood or probability of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether the preliminary injunction will cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction. *See Rock & Roll Hall of Fame v. Gentile Productions*, 134 F.3d 749, 753 (6th Cir. 1998); *McPherson v. Mich. High School Athletic Ass'n,* 119 F.3d 453, 459 (6th Cir. 1997)(en banc).

The four factors listed above are meant to be balanced as they guide the court in exercising its discretion; they are not due rigid application and need not be assigned equal weight. *In re Eagle-Pitcher Indus., Inc.,* 963 F.2d 855, 859 (6th Cir. 1992). While a court need not consider any single factor as either indispensable or dispositive, neither is it required to conclude that all four support its decision. The court's discretion is directed at the weight to be given each factor, and the effect to be accorded their mix. Furthermore, the plaintiff bears the burden of persuading the court that the factors weigh in favor of granting a preliminary injunction. *Granny Goose Foods, Inc. v Brotherhood of Teamsters and Auto Truck Drivers Local No. 70 of Alameda County,* 415 U.S. 432, 441 (1974).

Where a prison inmate seeks an order enjoining state prison officials, this court is required to proceed with the utmost care and must recognize the unique nature of the prison setting. *See Kendrick v. Bland*, 740 F.2d 432, 438, n. 3 (6th Cir. l984). *See also Harris v. Wilters*, 596 F.2d 678 (5th Cir. l979). Courts must accord prison administrators "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Ward v. Dyke*, 58 F.3d 271, 273 (6th Cir. 1995), citing *Bell v. Wolfish,* 441 U.S. 520, 547, 99 S.Ct. 1861, 1878, 60 L.Ed.2d 447 (1979). . *See also Whitley v. Albers*, 475 U.S. 312, 106 S.Ct 1078, 89 L.Ed.2d 251 (1986). Correctional officials are professional experts in matters of security and discipline; as such they are better suited to make decisions about security and discipline than are the courts. *Bell*, 441 U.S. at 547. Moreover, "the operation of our correctional facilities is peculiarly the province of the Legislative and Executive Branches of our Government, not the Judicial." *Id.* at 548. For these reasons plaintiffs attacking administrative decisions about issues of security and discipline must meet

a heavy burden.

### Temporary restraining order

Plaintiff's request for a temporary restraining order (TRO) was filed after defendants moved to dismiss his complaint. Issuance of a TRO is regulated by Rule 65(b), which states in pertinent part that:

> A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give notice and the reasons supporting the claim that notice should not be required.

In his "declaration" in support of the TRO, plaintiff states that since filing the complaint: staff has retaliated against him, he has received an inadequate diet, and he has been refused medical care (i.e., weekly blood pressure checks). Plaintiff has requested a transfer to a facility where he can receive adequate medical care. Plaintiff's declaration, however, indicates that he has received ongoing medical care. While plaintiff states that he suffered a possible medical emergency in the early morning hours of August 4, 2005, he admits that a nurse saw him later that morning, that he was examined by a doctor on August 5th and 8th and that the doctor adjusted his medication. Plaintiff states that his blood pressure was checked on August 19th when the left side of his body became numb. Plaintiff also states that he has written grievances against the dietician for receiving an inadequate diet as prescribed by a doctor in June 2004. Plaintiff's declaration in support of a TRO fails to establish "that immediate and irreparable injury, loss, or damage will result" before defendants can respond to his claims. Although plaintiff apparently disagrees with the course of his treatment, his own declaration establishes that he is receiving ongoing medical

treatment.  A prisoner's disagreement with a course of medical treatment does not state a federal constitutional claim. *See Smith v. Marcantonio*, 910 F.2d 500, 502 (8th Cir. 1990).

With respect to the non-medical issues, plaintiff states that received major misconduct tickets on August 4th, 15th and 21st, and September 16th, and was refused law books and showers for a week and was placed on food loaf.  These allegations, which are not uncommon in the context of prisoner litigation, are not a sufficient basis for issuance of a TRO.

Finally, plaintiff seeks a transfer to a different facility.  A prisoner has no constitutional right to be confined in a particular institution or to enjoy a certain classification. *See Olim v. Wakinekona*, 461 U.S. 238, 245-46 (1983); *Meachum v. Fano*, 427 U.S. 215, 225 (1976); *Beard v. Livesay*, 798 F.2d 874, 876 (6th Cir.1986).  Nevertheless, plaintiff has been transferred at least twice since he suffered his aneurysm while incarcerated at the Oaks Correctional Facility. Plaintiff was housed at the Marquette Branch Facility when he filed his complaint and motion for injunctive relief. Now, plaintiff is incarcerated at the Standish Maximum Facility.

Accordingly, plaintiff's request for a TRO should be denied.

**Preliminary injunction**

It is unnecessary for the court to address the merits of plaintiff's claims because his motion for an ex parte preliminary injunction is procedurally improper.  Fed. Rules Civ. Proc. 65(a)(1) provides that "[n]o preliminary injunction shall be issued without notice to the adverse party." *See  Phillips v. Chas. Schreiner Bank*, 894 F.2d 127, 130-31 (5th Cir. 1990) ("[t]he courts consistently have treated rule 65(a)(1) as mandatory and have not hesitated to dissolve preliminary injunctions issued without notice or the opportunity for a hearing on disputed questions of fact and law"); *Consolidation Coal Co. v. Disabled Miners of Southern W. Va.*, 442 F.2d 1261, 1269 (4th

Cir. 1971) (court's issuance of an ex parte preliminary injunction "was manifestly error, because Rule 65(a)(1) is explicit that 'no preliminary injunction shall be issued without notice to the adverse party'").

Plaintiff's status as a pro se litigant does not excuse him from these procedural requirements. Pro se litigants "are held to less stringent standards than formal pleadings drafted by lawyers in the sense that a pro se complaint will be liberally construed in determining whether it fails to state a claim upon which relief could be granted." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir.1991). However, a pro se litigant is not entitled to special consideration with respect to straightforward procedural requirements that a lay person can comprehend as easily as a lawyer. *Id.* at 109-10. *See Mooney v. Cleveland Clinic Foundation*, 184 F.R.D. 588, 590 (N.D. Ohio 1999) ("Pro se litigants are required to follow the rules of civil procedure and easily-understood Court deadlines"). Accordingly, plaintiff's motion for the issuance of an ex parte preliminary injunction should be denied.

I respectfully recommend that plaintiff's ex parte motion for a TRO and preliminary injunction (docket no. 17) be **DENIED**.


Dated: May 5, 2006                             /s/ Hugh W. Brenneman, Jr.
                                               Hugh W. Brenneman, Jr.
                                               United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).