UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

CURTIS HARRIS,

        Plaintiff,                       Case No. 5:05-CV-113

v.                                         HON. GORDON J. QUIST

DR. RODNEY L. KILPATRICK,
RICK BOOKHEIMER, CHRISTINA FORREST,
DONNA ALLMON, MARY SCHIEBNER,
and JOHN DOE NURSE,

        Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Court has before it the Plaintiff's objections to the Magistrate Judge's Report and Recommendation issued on June 6, 2006, in which the magistrate judge recommended that the Court grant the motion for summary judgment filed by Defendants Bookheimer, Forrest, Allmon, and Schiebner, deny the Plaintiff's motions for partial summary judgment against Bookheimer, Forrest, Allmon, and Schiebner, and deny the Plaintiff's "Motion for Fed. Rule Civ. P. 56(f) for additional discovery."[1] In particular, the magistrate judge found that the actions of the Defendants in diagnosing and treating the Plaintiff's medical condition did not constitute "deliberate indifference." After conducting a *de novo* review of the report and recommendation, the Court concludes that the report and recommendations should be adopted by the Court.

The Plaintiff argues that the all of the Defendants acted with deliberate indifference by giving inadequate medical care for the Plaintiff's reported medical complaints. The Plaintiff states that he

---

[1] The Plaintiff does not raise any objections regarding the magistrate judge's recommendation that the Plaintiff's "Motion for Fed. Rule Civ. P. 56(f) for additional discovery" be denied.

informed the Defendants of nine medical complaints or symptoms and claims that the Defendants failed to adequately treat all of these complaints.  However, the Plaintiff has not shown the medical treatment to be so "woefully inadequate" as to amount to no treatment at all, *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976), nor has he shown that the Defendants knew of and disregarded an excessive risk to his health or safety.  *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S. Ct. 1970, 1979 (1994).  The magistrate judge did not err in finding that the actions of the Defendants in diagnosing and treating the Plaintiff did not rise to the level of deliberate indifference.

The Plaintiff argues that Defendant Nurse Bookheimer acted outside the scope of his authority by "diagnosing"the Plaintiff's medical condition.  The Plaintiff appears to interpret language in the report and recommendation as implying that Nurse Bookheimer diagnosed the Plaintiff's condition as a bad case of the flu.  However, as the magistrate judge pointed out, the medical reports indicate that Dr. Kilpatrick diagnosed the Plaintiff with a possible viral flu and instructed the nurses, including Nurse Bookheimer, to check on the Plaintiff periodically. (Medical Records, docket no. 67.)[2]  Nurse Bookheimer's comment to the Plaintiff that he had a "bad case of the flu" was not a diagnosis, but his recitation of Dr. Kilpatrick's diagnosis to the Plaintiff in response to the Plaintiff's continued complaints.  As discussed by the magistrate judge, Nurse Bookheimer's actions do not rise to the level of deliberate indifference.

Finally, the Plaintiff contends that the magistrate judge misinterpreted the medical records when he determined that there was no deliberate indifference.  The Plaintiff first claims that the Defendants altered the medical records, but provides no evidence supporting this accusation.  The Plaintiff then asserts that the magistrate judge tried to resolve factual disputes regarding the medical

---

[2]The report and recommendation sets forth the Plaintiff's medical history in detail.

records. However, there is no basis for this claim in the report and recommendation. The magistrate judge did not err in viewing the facts in the light most favorable to the Plaintiff and finding that there is no evidence of deliberate indifference to support the Plaintiff's claims, such that the Defendants are entitled to summary judgment. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued on June 6, 2006 (docket no. 100), is **APPROVED AND ADOPTED** as the Opinion of this Court.

**IT IS FURTHER ORDERED** that Defendants' Bookheimer, Forrest, Allmon, and Schiebner's motion for summary judgment (docket no. 64) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Plaintiff's motions for partial summary judgment against Defendants Bookheimer, Forrest, Allmon, and Schiebner (docket nos. 48 and 54) are **DENIED**.

**IT IS FURTHER ORDERED** that the Plaintiff's motion for additional discovery (docket no. 78) is **DENIED**.

The case will continue with respect to Defendant Kilpatrick.


Dated: January 8, 2007                             /s/ Gordon J. Quist
                                                   GORDON J. QUIST
                                                   UNITED STATES DISTRICT JUDGE