UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

CURTIS HARRIS,

           Plaintiff,           Case No. 5:05-CV-113

v.           HON. GORDON J. QUIST

DR. RODNEY L. KILPATRICK, et al.,

           Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Court has before it the Plaintiff's objections to the Magistrate Judge's Report and Recommendation issued on January 9, 2007, in which the magistrate judge recommended that the Court grant the motion for summary judgment filed by Dr. Kilpatrick, the lone remaining Defendant, and deny the Plaintiff's motion for summary judgment. Specifically, the magistrate judge found that Dr. Kilpatrick did not act with deliberate indifference to the Plaintiff's serious medical need. After conducting a *de novo* review of the report and recommendation, the Court concludes that the report and recommendation should be adopted by the Court.

Several of the Plaintiff's objections regard the actions of Defendants dismissed from this matter pursuant to the Court's Order of January 8, 2007, and have no relevance to the instant report and recommendation. The Plaintiff also objects to the magistrate judge's discussion of the discrepancies between the Plaintiff's affidavit and his earlier declaration, but does not contest the magistrate judge's findings that Dr. Kilpatrick examined the Plaintiff on June 2 and 4, 2004.

The Plaintiff contends that a genuine issue of material fact exists as to whether the Plaintiff displayed symptoms on June 2, 2004, and June 4, 2004. However, as discussed by the magistrate judge, Dr. Kilpatrick noted the possibility of an aneurysm in his medical report and planned on obtaining an MRI of the Plaintiff's head should the symptoms worsen. Dr. Kilpatrick prescribed medication and monitored the Plaintiff's progress. A plaintiff cannot prove a deliberate indifference claim based on mere negligence in diagnosing or treating a medical condition. *Farmer v. Brennan*, 511 U.S. 825, 835, 114 S. Ct. 1970, 1978 (1994). The Plaintiff has not shown the medical treatment to be so "woefully inadequate" as to amount to no treatment at all, *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976), nor has he shown that Dr. Kilpatrick knew of and disregarded an excessive risk to his health or safety. *Farmer*, 511 U.S. at 837, 114 S. Ct. at 1979. The magistrate judge did not err in finding that Dr. Kilpatrick's diagnosis and treatment of the Plaintiff did not rise to the level of deliberate indifference and that Dr. Kilpatrick is entitled to summary judgment. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued on January 9, 2007 (docket no. 131), is **APPROVED AND ADOPTED** as the Opinion of this Court.

**IT IS FURTHER ORDERED** that Defendant Kilpatrick's motion for summary judgment (docket no. 109) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Plaintiff's motion for summary judgment (docket no. 112) is **DENIED**.

**This case is concluded**.

Dated: February 14, 2007    /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE